**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICOLE GIANNINI, individually and on behalf of a class of similarly situated persons, | Case No. 1:20-cv-04212 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| FINANCIAL RECOVERY SERVICES, INC., | |
| Defendant. | |

**<u>CLASS ACTION COMPLAINT</u>**

NOW COMES, Plaintiff NICOLE GIANNINI, by and through here counsel, James C. Vlahakis, and asserts a putative class action against Defendant FINANCIAL RECOVERY SERVICES, INC.

**I. Parties, Jurisdiction and Venue**

1.      Plaintiff is a citizen of the State of Illinois and resides in this judicial District.

2.      Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*

3.      Defendant FINANCIAL RECOVERY SERVICES, INC. ("FRS") is a Minnesota corporation and its registered agent is C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.

4.      FRS maintains a collection agency license issued by the State of Illinois.

5.      FRS is a debt collector as defined by Section 1692a(6) of the FDCPA.

6.      FRS routinely uses the United States Postal Service for the collection of consumer debts and its principal purpose is the purchase of and collection of consumer

1

debts.

7.      FRS routinely collects defaulted consumer debts owed to original creditors like Capital One Bank, N.A.

8.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

9.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this District and FRS routinely mails collection letters and envelopes to addresses within this District for the purpose of collecting consumer debts.

10.     Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because FRS, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

11.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because FRS is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II.  Summary of the Purpose of the FDCPA**

12.     The introduction section of the FDCPA contains "Congressional findings" and a "declaration of purpose".  15 U.S.C. § 1692. In particular, § 1692 states as follows:

> **(a) Abusive practices**
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> **(b) Inadequacy of laws**
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> **(c) Available non-abusive collection methods**

Means other than misrepresentation or other
abusive debt collection practices are available for the effective
collection of debts.

**(d) Interstate commerce**

Abusive debt collection practices are carried on to a substantial
extent in interstate commerce and through means and
instrumentalities of such commerce. Even where
abusive debt collection practices are purely intrastate in
character, they nevertheless directly affect interstate commerce.

**(e) Purposes**

It is the purpose of this subchapter to eliminate
abusive debt collection practices by debt collectors, to insure that
those debt collectors who refrain from using
abusive debt collection practices are not competitively
disadvantaged, and to promote consistent State action to
protect consumers against debt collection abuses.

13.     One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

14.     In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

15.     Congress determined that "[e]xisting laws … are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

16.     Accordingly, the FDCPA generally focuses on a debt collector's conduct without regard for the validity of the alleged debt because "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

17.     The FDCPA protects ethical collectors from being competitively disadvantaged. 15 U.S.C. § 1692(e).

18.     Consumers like Plaintiff a congressionally defined right to receive all communications from a debt collector free from any false, misleading or unfair statements.

19.     The FDCPA creates substantive rights for consumers, and for this reason, Plaintiff has standing to assert the below claims and obtain statutory damages. *See, e.g., Qualls v. T-H Prof'l& Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after Spokeo, have rejected similar challenges to standing in FDCPA cases.") (citing "Hayes v. Convergent Healthcare Recoveries, Inc., 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes ... do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC,* 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."). *See also, Mogg v. Jacobs*, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC,* 770 F.3d 618, 623 (7th Cir. 2014)).

20.     "[T]he receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" *Richardson v. Diversified Consultants*, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) (internal citations omitted); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). The above described misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties. See also, *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016).

21.     For these reasons, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

**III.    Defendant's Actions Forming the Basis of this Civil Action**

22.     Plaintiff obtained credit (the "Subject Debt") from Capital One Bank, N.A. in the form of a Kohl's branded Credit Card.

23.     Plaintiff incurred the Subject Debt for personal and household expenses.

24.     Plaintiff, thereafter, feel into difficult times financially and was unable to pay off the Subject Debt.

25.     On information and belief, Plaintiff's cardholder agreement with Capital One Bank, N.A. does not contain an arbitration clause.

26.     Accordingly, if Plaintiff's cardholder agreement with Capital One Bank, N.A. does not contain an arbitration clause, FRS cannot move to compel arbitration if this civil action.

**IV.     Defendant's Collection Efforts Relative to the Subject Debt**

27.     In an attempt to collect the Subject Debt, FRS mailed a collection letter to Plaintiff dated June 8, 2020.

28.     The June 8, 2020 collection letter listed Capital One Bank, N.A. ("Capital One") as both the "Current Creditor" and the "Original Creditor."

29.     The June 8, 2020 collection letter listed a "Total Balance Due" of $880.23.

30.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because FRS regarded Plaintiff as a "person obligated or allegedly obligated to pay" the Subject Debt.

31.     The June 8, 2020 collection letter stated that "**Payments are an option**".

32.     The first line of the body of the June 8, 2020 collection letter started out by saying "[a]s you have not resolved this account, we are extending you another option."

33.     The second line of the body of the June 8, 2020 collection letter stated "[i]n an effort to allow you more time to get your finances in order, we will agree to accept $25.00 for the next three months".

34.     The second line of the body of the June 8, 2020 collection letter stated "[a]t the end of the three months the arrangement will be reviewed and hopefully you will be able to pay the remaining balance in full."

35.     The June 8, 2020 collection letter contained three detachable payment stubs above a line which stated "***Detach and return this portion of this notice with your payment***".

36. Each of the three payment stubs stated "[b]alance due as of June 8, 2020: $880.23.

37. The June 8, 2020 collection letter is a standard form/template letter utilized by FRS.

38. All three of June 8, 2020 collection letter payment stubs state "Letter Code Sent: 027."

39. Plaintiff experienced stress, anxiety and worry when she read the June 8, 2020 collection letter because she was unable to afford the proposed payment plan and because the collection letter did not state explain to her whether Defendant would offer her another opportunity to "get your finances in order" by way of a three month, $25.00 per month payment option.

40. The June 8, 2020 collection letter did not include the phrase - *we may, but are not obligated to, renew this offer.*

41. The June 8, 2020 collection letter did not include the phrase - *we are not obligated to renew this offer.*

42. Defendant's $25.00 payment proposal violated Sections 1692e, e(2), e(10) and f of the FDPCA where the June 8, 2020 collection letter did not include the phrase - *we may, but are not obligated to, renew this offer.*

43. Defendant's $25.00 payment proposal violated Sections 1692e, e(2), e(10) and f of the FDPCA where the June 8, 2020 collection letter did not include the phrase - *we are not obligated to renew this offer.*

44. Defendant's failure to include the phrase we may, but are not obligated to, renew this offer caused Plaintiff to suffer stress, anxiety and worry with regard to whether Defendant would offer her another opportunity to "get your finances in order" by way of a three month, $25.00 per month payment option.

7

45.     Defendant's failure to include the phrase we are not obligated to renew this offer caused Plaintiff to suffer stress, anxiety and worry with regard to whether Defendant would offer her another opportunity to "get your finances in order" by way of a three month, $25.00 per month payment option.

46.     Plaintiff suffered real and concrete harm because Defendant communicated with her in a manner prohibited by the FDCPA.

**V. Class Action Related Claims**

47.     The June 8, 2020 collection letter satisfies the numerosity element of FRCP 23(a)(1) because Defendant has plausibly mailed out well over 40 identically formatted letters to consumers in this district.

48.     The June 8, 2020 collection letter satisfies the elements of FRCP 23(a)(2) and 23(a)(3) because the illegality of Defendant's conduct is question of fact and law that is typical and common to Plaintiff and the proposed class members.

49.     Plaintiff satisfies FRCP 23(a)(4) because she will fairly and adequately protect the interests of the proposed class members.

50.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

51.     Plaintiff's lead attorney (James C. Vlahakis) is an experienced consumer class action litigator. For example, on May 15, 2018, Mr. Vlahakis was appointed to the Steering Committee in a nationwide class action against Apple, Inc. *See, In Re: Apple Inc. Device Performance Litigation*, 18-md-02827 (N.D. Cal. May 15, 2018) (Dkt. Entry no. 99). After extended litigation, the parties proposed a $310 to $500 million dollar settlement to the court which received preliminary on May 15, 2020) (Dkts. 415-16, 420, 429).

52. Before becoming a consumer rights attorney, Mr. Vlahakis worked at Hinshaw & Culbertson for nearly twenty years, where he specialized in defending debt collectors in class action litigation. As a former defense attorney, Mr. Vlahakis understands the types of defenses that creditors and debt collectors typically raise in TCPA class actions.

53. For example, in his former role as a defense attorney, Mr. Vlahakis *defeated* a motion to certify a TCPA based class action in *Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013), reconsideration denied, 2013 U.S. Dist. LEXIS 105352 (N.D. Ill. July 29, 2013). In *Pesce v. First Credit Services, Inc.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012), Mr. Vlahakis caused a previously certified TCPA class action to be decertified after proving that the class representative had a unique defense that ran against commonality and typicality.

54. Further, Mr. Vlahakis was lead plaintiff's counsel in *Preston v. Midland Credit Management, Inc.*, 948 F.3d 776 (7th Cir. 2020) where the Seventh Circuit reversed in part the district court's order granting MCM's 12(b)(6) motion to dismiss.

55. Plaintiff can satisfy FRCP 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

56. Plaintiff can also satisfy FRCP 23(b)(2) because Defendant has acted on grounds that apply to the class so that final injunctive and/declaratory relief sought below is appropriate relief respecting the proposed class as a whole.

## VI. Causes of Action

### Count I
### Individual Claim for Violations of Sections 1692e of the FDCPA

57.    Plaintiff NICOLE GIANNINI realleges the above paragraphs as though fully set forth herein.

58.    Section 1692e of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

59.    Defendant's June 8, 2020 collection letter constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" to the extent Defendant routinely renews the type of offer expressed on the face of the June 8, 2020 collection letter - without informing consumers that *we may, but are not obligated to, renew this offer.*

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

   a.  declare that Defendant's form collection letter violates Section 1692e of the FDCPA;

   b.  enjoin Defendant from using the subject from collection letter;

   c.  award Plaintiff statutory damages of up to $1,000; and

   d.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Claims for Violations of Section 1692e of the FDCPA**

60.    Plaintiff NICOLE GIANNINI realleges the above paragraphs as though fully set forth herein.

61.    Section 1692e of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

62.    Defendant's June 8, 2020 collection letter constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" to

the extent Defendant routinely renews the type of offer expressed on the face of the June 8, 2020 collection letter - without informing consumers that *we may, but are not obligated to, renew this offer.*

63. At least 40 persons with addresses from within this District were sent a similar form collection letter by Defendant.

64. Defendant's use of the above described form collection letter satisfies the elements of typicality, commonality, predominance and superiority.

65. On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

66. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter by Defendant similar to the subject collection letter identified as Letter 027.

67. The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

68. The proposed class can be defined by Defendant's records.

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

a. declare that Defendant's form collection letter violated Section 1692e of the FDCPA;

b. enjoin Defendant from using the subject form collection letter;

c. award class members maximum statutory damages;

d. award class members actual damages if they paid their debts after receiving the subject form collection letter; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III**

**Individual Claim for Violations of Sections 1692e(2)(A) of the FDCPA**

69.     Plaintiff NICOLE GIANNINI realleges the above paragraphs as though fully set forth herein.

70.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a "false representation of — (A) the character, amount, or legal status of any debt".

71.     Defendant's June 8, 2020 collection letter constitutes a "false representation" or the character and/or amount of the subject debt.

72.     Defendant's June 8, 2020 collection letter constitutes a "false representation" or the character and/or amount of the subject debt to the extent that Defendant routinely renews the type of offer expressed on the face of the June 8, 2020 collection letter - without informing consumers that *we may, but are not obligated to, renew this offer.*

73.     Defendant's June 8, 2020 collection letter constitutes a "false representation" or the character and/or amount of the subject debt to the extent that the June 8, 2020 letter created a false sense of urgency toward Plaintiff and similarly situated consumers.

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

   a. declare that Defendant's form collection letter violates Section 1692e(2)(A) of the FDCPA;

   b. enjoin Defendant from using the subject from collection letter;

   c. award Plaintiff statutory damages of up to $1,000; and

   d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Class Action Claims for Violations of §1692e(2)(A) of the FDCPA**

74.     Plaintiff NICOLE GIANNINI realleges the above paragraphs as though fully set forth herein.

75.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a "false representation of — (A) the character, amount, or legal status of any debt".

76.     Defendant's June 8, 2020 collection letter constitutes a "false representation" or the character and/or amount of the subject debt.

77.     Defendant's June 8, 2020 collection letter constitutes a "false representation" or the character and/or amount of the subject debt to the extent that Defendant routinely renews the type of offer expressed on the face of the June 8, 2020 collection letter - without informing consumers that *we may, but are not obligated to, renew this offer.*

78.     Defendant's June 8, 2020 collection letter constitutes a "false representation" or the character and/or amount of the subject debt to the extent that the June 8, 2020 letter created a false sense of urgency toward Plaintiff and similarly situated consumers.

79.     At least 40 persons with addresses from within this District were sent a similar form collection letter by Defendant.

80.     Defendant's use of the above described form collection letter satisfies the elements of typicality, commonality, predominance and superiority.

81.     On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

82.     Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter by Defendant similar to the subject collection letter identified as Letter 027.

83. The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

84. The proposed class can be defined by Defendant's records.

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

      a. declare that Defendant's form collection letter violated Section 1692e(2)(A) of the FDCPA;

      b. enjoin Defendant from using the subject form collection letter;

      c. award class members maximum statutory damages;

      d. award class members actual damages if they paid their debts after receiving the subject form collection letter; and

      e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V**
**Individual Claim for Violations of Sections 1692e(10) of the FDCPA**

85. Plaintiff NICOLE GIANNINI realleges the above paragraphs as though fully set forth herein.

86. Section 1692e(10) of the FDCPA prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt".

87. Defendant's June 8, 2020 collection letter false constituted a representation or deceptive means to collect or attempt to collect the Subject Debt from Plaintiff in violation of Section 1692e(10) of the FDCPA.

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

      a. declare that the June 8, 2020 collection letter violates Section 1692e(10) of the FDCPA;

      b. enjoin Defendant MCM from using the June 8, 2020 collection letter in conjunction with any future collection letters;

    c.   award Plaintiff statutory damages of up to $1,000; and

    d.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VI – Class Action Claims for Violations of Section 1692e(10) of the FDCPA**

88.    Plaintiff NICOLE GIANNINI realleges the above paragraphs as though fully set forth herein.

89.    Section 1692e(10) of the FDCPA prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt".

90.    Defendant's June 8, 2020 collection letter false constituted a representation or deceptive means to collect or attempt to collect the Subject Debt from Plaintiff in violation of Section 1692e(10) of the FDCPA.

91.    At least 40 persons with addresses from within this District were sent a similar form collection letter by Defendant.

92.    Defendant's use of the above described form collection letter satisfies the elements of typicality, commonality, predominance and superiority.

93.    On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

94.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter by Defendant similar to the subject collection letter identified as Letter 027.

95.    The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

96.    The proposed class can be defined by Defendant's records.

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

    a. declare that Defendant's form collection letter violated Section 1692e(10) of the FDCPA;

    b. enjoin Defendant from using the subject form collection letter;

    c. award class members maximum statutory damages;

    d. award class members actual damages if they paid their debts after receiving the subject form collection letter; and

    e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VII**
**Individual Claim for Violations of Sections 1692f of the FDCPA**

97. Plaintiff NICOLE GIANNINI realleges the above paragraphs as though fully set forth herein.

98. Section 1692f of the FDCPA states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

99. Defendant's June 8, 2020 collection letter constitutes an unfair to collect the Subject Debt to the extent Defendant routinely renews the type of offer expressed on the face of the June 8, 2020 collection letter - without informing consumers that *we may, but are not obligated to, renew this offer.*

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

    a. declare that Defendant's form collection letter violates Section 1692f of the FDCPA;

    b. enjoin Defendant from using the subject from collection letter;

    c. award Plaintiff statutory damages of up to $1,000; and

    d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Claims for Violations of Section 1692f of the FDCPA**

100. Plaintiff NICOLE GIANNINI realleges the above paragraphs as though fully set forth herein.

101. Section 1692f of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

102. Defendant's June 8, 2020 collection letter constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" to the extent Defendant routinely renews the type of offer expressed on the face of the June 8, 2020 collection letter - without informing consumers that *we may, but are not obligated to, renew this offer.*

103. At least 40 persons with addresses from within this District were sent a similar form collection letter by Defendant.

104. Defendant's use of the above described form collection letter satisfies the elements of typicality, commonality, predominance and superiority.

105. On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

106. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter by Defendant similar to the subject collection letter identified as Letter 027.

107. The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

108. The proposed class can be defined by Defendant's records.

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

    a. declare that Defendant's form collection letter violated Section 1692f of the FDCPA;

    b. enjoin Defendant from using the subject form collection letter;

    c. award class members maximum statutory damages;

    d. award class members actual damages if they paid their debts after receiving the subject form collection letter; and

    e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

Plaintiff Demands a Jury Trial,

Respectfully submitted, on behalf of
Plaintiff NICOLE GIANNINI,

<u>/s/ James C. Vlahakis</u>                 Dated: July 16, 2020
James Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL  60148
(630) 575 - 8181
Email:  jvlahakis@sulaimanlaw.com