## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE GIANNINI, individually and on behalf of a class of similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | No. 20 C 4212 |
| v. | ) ) | Judge Sara L. Ellis |
| FINANCIAL RECOVERY SERVICES, INC., | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

After defaulting on a consumer debt, Plaintiff Nicole Giannini received a form letter from

Defendant Financial Recovery Services, Inc. ("FRS") offering her an installment payment plan.

She then filed this putative class action against FRS under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, alleging that because FRS' form letter failed to include

safe harbor language, it contained misleading representations about the time-limited nature of the

offer in violation of § 1692e, e(2), and e(10).[1]  FRS has moved to dismiss Giannini's complaint

for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a

claim pursuant to Rule 12(b)(6).  Because Giannini has not sufficiently alleged that she suffered

a concrete harm, the Court finds that she does not have standing to pursue her claims and

dismisses this case without prejudice.

---

[1] Giannini's complaint also asserts a claim for violation of § 1692f, but Giannini withdrew that claim in her response to FRS' motion to dismiss.  Doc. 16-1 at 13 n.1.

## BACKGROUND[2]

Giannini held a Kohl's-branded credit card through Capital One Bank, N.A.  She incurred debt on that credit card for personal and household expenses that she did not pay off due to financial difficulties.  On June 8, 2020, FRS, a debt collector working on behalf of Capital One, sent Giannini a collection letter regarding the overdue balance on her Capital One credit card account.  The letter listed Capital One as the original and current creditor, a "total balance due" of $880.23, and a last payment date of August 18, 2019.  Under the heading of "**Payments are an option**," the letter stated:

> As you have not resolved this account, we are extending to you another option.
>
> In an effort to allow you more time to get your finances in order, we will agree to accept $25.00 per month for the next three months.
>
> At the end of the three months the arrangement will be reviewed and hopefully you will be able to pay the remaining balance in full.

Doc. 13-1 at 2.  The letter also provided several possible payment methods and included three detachable payment stubs to be included with payment.  The letter caused Giannini stress, anxiety, and worry because she could not afford the proposed payment plan and the letter did not make clear whether FRS would extend another similar opportunity to her.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Where, as here, a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction—a facial challenge—the Court "must accept

---

[2] The Court takes the facts in the background section from Giannini's complaint and presumes them to be true for the purpose of resolving FRS' motion to dismiss.  *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (Rule 12(b)(6)); *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (Rule 12(b)(1)).  The Court also considers the form letter attached to FRS' motion to dismiss, as it is "central to the complaint" and "referred to in it."  *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). "[W]hen evaluating a facial challenge to subject matter jurisdiction," the Court employs the *Twombly–Iqbal* "plausibility" standard, "which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

FRS argues both that Giannini lacks standing and that she has failed to state a claim. The Court starts with standing, which "is a threshold question in every federal case because if the litigants do not have standing to raise their claims the court is without authority to consider the merits of the action." *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) (quoting *Freedom From Religion Found., Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988)). Standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in

3

fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, --- U.S. ----, 136 S. Ct. 1540, 1547 (2016).

In *Spokeo*, the Supreme Court held that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549; *see also Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) (no standing for "a statutory violation completely removed from any concrete harm or appreciable risk of harm"). The Seventh Circuit applied *Spokeo* to an FDCPA claim in *Casillas v. Madison Avenue Associates, Inc.*, in which the plaintiff alleged that a debt collector's letter violated § 1692g(a) by omitting the statutorily required notice that a consumer must dispute a debt in writing. 926 F.3d 329, 332 (7th Cir. 2019). Because the plaintiff never considered responding to the debt collector's letter in any manner, the Seventh Circuit concluded that she had not suffered an injury in fact, stating that "[a]ny risk of harm was entirely counterfactual: she was not at any risk of losing her statutory rights because there was no prospect that she would have tried to exercise them." *Id.* at 334.

In a series of decisions issued after the parties completed briefing of the standing issue in this case, the Seventh Circuit further clarified that *Spokeo*'s concrete injury requirement applies to all FDCPA cases, regardless of whether the alleged statutory violation is considered procedural, as in *Casillas*, or substantive, as in this case alleging a violation of § 1692e. *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1065–66 (7th Cir. 2020); *see also Nettles v. Midland Funding LLC*, --- F.3d ----, 2020 WL 7488610 (7th Cir. Dec. 21, 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020). In other

words, regardless of the nature of the FDCPA violation, a plaintiff "must allege (and later establish) that the statutory violation harmed him 'or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect.'" *Larkin*, 982 F.3d at 1066 (quoting *Casillas*, 926 F.3d at 333).

FRS argues that Giannini does not have standing because, apart from an alleged technical statutory violation, she has not pleaded that she suffered any concrete harm as a result of FRS' conduct. Giannini responds that the mere deprivation of information about whether FRS would renew the payment offer amounts to a cognizable injury. But, as the Seventh Circuit explained in *Spuhler*, "[t]he FDCPA envisions that debtors will use accurate, non-misleading information in choosing how to respond to collection attempts and how to manage and repay their debts. This means that for a concrete injury to result from a dunning letter's exclusion of a statement about accruing interest, that exclusion must have detrimentally affected the debtors' handling of their debts." 983 F.3d at 286 (citation omitted). Although Giannini alleges that misrepresentations about a debt "may cause consumers to make incorrect decisions about their finances or to make payments to incorrect parties," Doc. 1 ¶ 20, nowhere in the complaint does she allege that she personally "suffered a concrete detriment to her debt-management choices" as a result of the omitted information, *Bazile*, 983 F.3d at 280–81 ("The FDCPA requires collectors to inform debtors of the amount owed to protect debtors from collection abuses that impinge their choices about how to respond to their debts and to the collection attempt. If the required information is omitted without hindering those choices or some other substantive interest the statute protects, there is no harm done—no concrete injury-in-fact." (citations omitted)). In other words, the Seventh Circuit's recent FDCPA standing decisions foreclose Giannini's attempt to rely solely on the receipt of alleged misinformation to establish concrete harm. *See, e.g.*, *Nettles*,

2020 WL 7488610, at *3 ("But [the plaintiff's] complaint does not allege that the statutory violations harmed her in any way or created any appreciable risk of harm to her.  Indeed, on appeal she admits that the letter didn't affect her at all and that her only injury is receipt of a noncompliant collection letter."); *Larkin*, 982 F.3d at 1066 (no standing where the plaintiffs did not argue that the "communications caused the plaintiffs to pay debts they did not owe or created an appreciable risk that they might do so," that the plaintiffs were "confused or misled to their detriment by the statements in the dunning letters, or otherwise relied to their detriment on the contents of the letters," or that the plaintiffs "would have pursued a different course of action were it not for the statutory violations").

Giannini's complaint also alleges that FRS' failure to indicate in the letter that it could but was not obligated to renew the payment offer "caused [her] to suffer stress, anxiety and worry with regard to whether [FRS] would offer her another opportunity to 'get your finances in order' by way of a three month, $25.00 per month payment option."  Doc. 1 ¶¶ 39, 44, 45.  FRS argues that the alleged stress and anxiety Giannini experienced upon receipt of the letter is purely conjectural and cannot support standing, an argument Giannini did not address in her response. More importantly, however, the Seventh Circuit's recent FDCPA standing decisions make clear that, without accompanying detrimental action, a plaintiff's confusion, annoyance, and intimidation do not amount to concrete harm for standing purposes.  *See Gunn*, 982 F.3d at 1071 ("[A] sense of indignation (=aggravated annoyance) is not enough for standing."); *Brunett*, 982 F.3d at 1068 ("A debtor confused by a dunning letter may be injured if she acts, to her detriment, on that confusion—if, for example, the confusion leads her to pay something she does not owe, or to pay a debt with interest running at a low rate when the money could have been used to pay a debt with interest running at a higher rate.  But the state of confusion is not itself an injury.");

*id.* at 1069 ("Attaching an epithet such as 'intimidation' to a letter does not show that injury occurred."). The Court similarly concludes that, absent an allegation tying Giannini's stress, anxiety, and worry to some detrimental action she took or risked taking related to her outstanding debt, the stress and worry she allegedly suffered does not alone amount to a cognizable injury. *See Brunett*, 982 F.3d at 1068 ("Although Brunett asserted that she was confused by the letter's language, she did not tie that confusion to an injury."). Therefore, because Giannini has not adequately alleged concrete harm to support standing, the Court lacks subject matter jurisdiction over her claims.[3]

## CONCLUSION

For the foregoing reasons, the Court grants FRS' motion to dismiss [12]. The Court grants Giannini's motion for leave to file her response instanter [16]. The Court dismisses this case without prejudice for lack of subject matter jurisdiction.

Dated: January 19, 2021

SARA L. ELLIS
United States District Judge

---

[3] Because the Court finds that Giannini does not have standing, the Court need not address FRS' alternative arguments that she has failed to state a claim under Rule 12(b)(6).